UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.    1:22-mj-02814-Louis

UNITED STATES OF AMERICA

v.

MARTIN ANTHONY TRENCH and
BENJAMIN MARTE SANDOVALl,

Defendants.

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: *Marc Chattah*

Marc Chattah
Assistant United States Attorney
FL Bar No.    27586
99 N.E. 4th Street
Miami, Florida 33132
Tel: (561) 632-3712
Email: marc.chattah@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>MARTIN ANTHONY TRENCH and<br>BENJAMIN MARTE SANDOVAL,<br><br>*Defendant(s)* | Case No. 1:22-mj-02814-Louis |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about __May 1, 2022__, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b).<br><br>Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

DEA TFO Lewis Hosch
*Printed name and title*

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time.

Date: __May 12 2022__

*Judge's signature*

City and state: __Miami, Florida__    Hon. Lauren F. Louis, United States Magistrate Judge
*Printed name and title*

# **AFFIDAVIT**

I, Lewis Hosch, being duly sworn, hereby depose and state the following:

1. I am employed as a Detective with the City of Homestead Police Department and have served in this capacity since January 2005. I am currently a Task Force Officer with the Drug Enforcement Administration ("DEA") and have served in this capacity since August 2019. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21, and 46 of the United States Code. I am currently assigned to the DEA's Miami Field Division in Miami, Florida and have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Task Force Officer with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics-trafficking organizations operate. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2. The facts set forth in this Affidavit are based on my personal knowledge as well as information obtained from others. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a Criminal Complaint against **MARTIN ANTHONY TRENCH,** and **BENJAMIN MARTE SANDOVAL** for conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

3. On or about May 1, 2022, HMCS HARRY DEWOLF, with United States Coast Guard ("USCG") Law Enforcement Detachment 105 detected a go-fast vessel (GFV) approximately 190 nautical miles Northeast of San Andres, Colombia, in international waters, and

1

upon the high seas. The GFV had two persons on board, two outboard motors, fuel barrels on deck, and no visible indicia of nationality. HMCS HARRY DEWOLF with embarked USCG Law Enforcement Detachment 105 diverted to investigate. Once in the vicinity, HMCS HARRY DEWOLF launched both of their Rigid Hull Inflatable Boats (RHIBs). Both RHIBs embarked with their boarding teams on board.

4. When RHIB #1 arrived in the vicinity of the GFV, the boarding team observed the GFV's crew begin jettisoning packages into the water. RHIB #1 diverted to the jettison field and members of the boarding team recovered six (6) bales of suspected contraband from the water. RHIB #2 continued pursuit of the GFV, the vessel became compliant, and went dead in the water.

5. District 7 granted a Statement of No Objection for HMCS HARRY DEWOLF crew to conduct a right of visit boarding on the go-fast vessel reasonably suspected of drug smuggling in international waters. RHIB #2's boarding team boarded the GFV. The two (2) persons on board of the GFV identified themselves as **MARTIN ANTHONY TRENCH** and **BENJAMIN MARTE SANDOVAL.** During the right of visit process, neither member of the GFV's crew identified themselves as the master. **MARTIN ANTHONY TRENCH** made a verbal claim of Jamaican nationality for the vessel, and both persons on board the GFV claimed Jamaican nationality for themselves.

6. The USCG contacted the Government of Jamaica, and the Government of Jamaica could neither confirm nor deny the registration of the vessel. Based on the Government of Jamaica's response, the USCG treated the vessel as a vessel without nationality and, therefore subject to the jurisdiction of the United States.

7. The boarding team recovered approximately 165 kilograms of suspected cocaine. The boarding team conducted two (2) Nik field tests on the contraband, which yielded positive

2

results for cocaine. The boarding team transferred both individuals, along with the suspected cocaine, to the HMCS HARRY DEWOLF. Although **BENJAMIN MARTE SANDOVAL** claimed to be Jamaican, the boarding team found a Dominican Republic passport and Dominican Republic cedula bearing his name and photograph on his person.

8.  Based on the foregoing facts, I submit that probable cause exists to believe that **MARTIN ANTHONY TRENCH** and **BENJAMIN MARTE SANDOVAL** conspired to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

**FURTHER YOUR AFFIANT SAYETH NAUGHT**.

_____
LEWIS HOSCH
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time this   12   day of May 2022.

_____
HONORABLE LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE